IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> STONE & WEBSTER, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 00-2142 (PJW) <br><br> Jointly Administered |
| STONE & WEBSTER, INCORPORATED, and STONE & WEBSTER ENGINEERING CORPORATION, *et al.*, <br><br> Plaintiffs, <br><br> - against - <br><br> THE SAUDI ARABIAN OIL COMPANY, <br><br> Defendant. | Adversary Proceeding <br> No.: 02-03963-PJW |

DECLARATION OF JAMES E. HOUPT IN OPPOSITION
TO SAUDI AMERICAN BANK'S MOTION TO INTERVENE AND
TO JOIN ABDULLA SAID BUGSHAN & BROTHERS AS A DEFENDANT

I, James E. Houpt, declare as follows:

---

[1] The Debtors are the Consolidated SWINC Estate and the Consolidated SWE&C Estate. As more particularly set forth in Article VII(B) of the Third Amended Joint Plan of the Debtors in Possession, the Official Committee of Unsecured Creditors, Federal Insurance Company, Maine Yankee Atomic Power Company, and the Official Committee of Equity Security Holders with Respect to (I) Stone & Webster, Incorporated and Certain of its Subsidiaries and Affiliates and (II) Stone & Webster Engineers & Constructors, Inc. and Certain of Its Subsidiaries ("Joint Plan"), certain debtor subsidiaries of Stone & Webster, Incorporated are merged into Stone & Webster, Incorporated, and their estates have been substantively consolidated to become the Consolidated SWINC Estate; and certain debtor subsidiaries of Stone & Webster Engineers and Constructors, Inc. are merged into Stone & Webster Engineers and Constructors, Inc., and their estates have been substantively consolidated to become the Consolidated SWE&C Estate.

1

1. I am an attorney with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel to the SWE&C Liquidating Trustee and the SWE&C Liquidating Trust in the above-referenced case. I am licensed to practice law before the courts of Virginia, Maryland, the District of Columbia, and California, the United States Courts of Appeal for the Fourth and Ninth Circuits, and in several United States District Courts. I am admitted *pro hac vice* in this case. I submit this declaration in support of the SWE&C Liquidating Trustee Opposition To Saudi American Bank's Motion To Intervene And To Join Abdulla Said Bugshan & Brothers As A Defendant.

2. On June 12, 2003, the Court entered an Order Under Fed. R. Bankr. P. 9019 Approving Settlement With Saudi American Bank. To this Declaration, I have attached a true and correct copy of the June 12 order as Exhibit A.

3. On May 3, 2005, following withdrawal of the reference to the Bankruptcy Court, United States District Judge Sue L. Robinson ("District Court") entered an order in the adversary proceeding styled *Saudi American Bank v. Shaw Group, Inc., SWINC Acquisition Three, Inc. and SWE&C Liquidating Trustee* (Adv. No. 01-7766; Civ. No. 04-834) granting a summary judgment of Saudi American Bank ("SAMBA") against defendant Shaw Group, Inc. ("Shaw"), and denying Shaw's summary judgment motion against SAMBA. To this Declaration, I have attached a true and correct copy of the May 3 order as Exhibit B.

4. On May 4, 2005, the District Court entered a Judgment In A Civil Case in favor of SAMBA and against Shaw pursuant to the May 3, 2005 order. To this Declaration, I have attached a true and correct copy of the May 4 judgment as Exhibit C.

5. Shaw appealed the District Court's order and judgment to the United States Court of Appeals for the Third Circuit. On January 20, 2006, SAMBA filed a Motion To Dismiss

Appeal For Lack Of Jurisdiction. To this Declaration, I have attached a true and correct copy of the January 20 motion as Exhibit D.

6. On March 27, 2006, the Third Circuit entered an order denying SAMBA's motion to dismiss. However, the Third Circuit also remanded the case to the District Court for "clarification regarding damages." To this Declaration, I have attached a true and correct copy of the March 27 order as Exhibit E.

7. On March 29, 2006, I contacted counsel for SAMBA, Daniel E. Rosenfeld, via email to ask whether SAMBA planned to file a new intervention motion or whether SAMBA intended to rely on its prior motion filed in 2002. That same day, Mr. Rosenfeld responded by email and stated that SAMBA might file a procedural supplement to the Motion given the amount of time that had passed since the Motion was filed given the amount of time that had passed since the Motion was filed. To this Declaration, I have attached a true and correct copy of my March 29 email to Mr. Rosenfeld and his response as Exhibit F.

8. On April 7, 2006, I again contacted Mr. Rosenfeld to ask whether SAMBA would be amending or supplementing its intervention motion or relying on its prior motion. In Mr. Rosenfeld's emailed response to me later that day, Mr. Rosenfeld informed me that SAMBA would proceed to hearing on the original motion pleadings. To this Declaration, I have attached a true and correct copy of my April 7 email to Mr. Rosenfeld and his response as Exhibit G.

Executed on April 18, 2006. I declare under penalty of perjury that the foregoing is true and correct.

_____
James E. Houpt